## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES CORP., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB6,** | Civ. No. 21-11674 (KM)(JBC)<br><br>**OPINION** |
|          **Plaintiff,** | |
| **v.** | |
| **BERGEN LOFTS LLC,** | |
|          **Defendant.** | |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiff Wilmington Trust, National Association, as Trustee for the registered holders of J.P. Morgan Chase Commercial Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2019-SB66 ("Lender") initiated this action against Bergen Lofts LLC ("Borrower") for mortgage and personal property foreclosure. Because Borrower has failed to answer the Complaint or otherwise respond in this matter, Lender has moved for default judgment.

For the reasons provided herein, I will grant the motion.

I.    **Summary[1]**

    a. **Factual Allegations**

Lender is a national banking association with its main office in Wilmington, Delaware. (Compl. ¶1.) Borrower is a New Jersey limited liability

---

[1]    Citations to the record will be abbreviated as follows. Citations to page numbers

company, and its sole member is a citizen of New York. (*Id.* ¶2.) At all relevant times, Borrower owned the real property located at 901 Bergen Street in Newark, New Jersey, which operated as the "901 Bergen" apartments (the "Land"). (*Id.* ¶16.)

<u>The Original Loan Transaction and Subsequent Assignments</u>

On May 20, 2019, Capital One, National Association (the "Original Lender") issued to Borrower a commercial mortgage loan in the aggregate principal amount of $2,068,000.00 (the "Loan"). (Compl. ¶5.) The Loan is evidenced by a Multifamily Note executed by Borrower in favor of the Original Lender in the principal amount of $2,068,000.00 (the "Note"). (*Id.* ¶6.) To secure repayment on the Note, Borrower executed a Multifamily Mortgage, Assignment of Rents and Security Agreement in favor of the Original Lender ("the Mortgage"). (*Id.* ¶7.) The Note, the Mortgage, and the Loan Agreement between Borrower and the Original Lender, along with other documents that Borrower executed in favor of the Original Lender, are collectively referred to herein as the "Loan Documents."

The Original Lender assigned and endorsed the Loan and the Note to the Federal Home Loan Mortgage Corporation ("FHLMC") (the "First Loan Assignment"). (*Id.* ¶¶9-10.) In connection with that First Loan Assignment, the Original Lender also executed an Assignment of Security Instrument in favor of FHLMC. (*Id.* ¶11.) FHLMC subsequently assigned and executed the Loan and Note to Lender (the "Second Loan Assignment"). (*Id.* ¶¶12-13.) FHLMC also executed an Assignment of Multifamily Mortgage, Assignment of Rents and

refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

   "DE" = Docket entry number in this case.

   "Compl." = Complaint (DE 1)

Security Agreement in favor of Lender in connection with the Second Loan
Agreement. (*Id.* ¶14.)

Relevant Provisions of the Loan Documents

The Mortgage in issue secures, among other things, the repayment of
indebtedness and the performance of Borrower's other obligations pursuant to
the Loan Documents. (*Id.* ¶15.) In particular, the Mortgage provides that
"Borrower mortgages, warrants, grants, conveys and assigns to Lender the
Mortgaged Property," which is defined as "all of Borrower's present and future
right, title and interest in and to" the Land and the Improvements, together
with the Fixtures, the Personalty and all other property owned by Borrower and
enumerated in the Mortgage.  (*Id.* ¶17.) Additionally, the Mortgage provides:

> At any time during the existence of an Event of Default,[2] Lender,
> at Lender's option, may declare the Indebtedness to be immediately
> due and payable without further demand, and may foreclose this
> Instrument by judicial proceeding and may invoke any other
> remedies permitted by New Jersey law, provided in equity or
> provided in this Instrument or in any other Loan Document.
> Lender will be entitled to collect all costs and expenses incurred in
> pursuing such remedies, including Attorneys' Fees and Costs
> permitted by Rules of Court, costs of documentary evidence,
> abstracts and title reports.

(*Id.* ¶24.)

The Note requires Borrower to "make a payment every month on the first
day of each month (each, a "Payment Date") . . . equal to the Fixed Monthly
Principal and Interest Payment Amount" of $10,638.59. (*Id.* ¶18.) Further, the
Note provides:

> If Lender has not received the full amount of any monthly payment
> by the 10th day of any month or any amount due under any Loan
> Document within 9 days after it is due (unless applicable law
> requires a longer period of time before a late charge may be
> imposed), then Borrower must pay a late charge to Lender ("Late
> Charge").  The amount of the Late Charge will be 5% of any

---

[2]      The Loan Agreement defines an Event of Default to exist if, among other things,
"Borrower fails to pay or deposit when due any amount required by the Note, this Loan
Agreement or any other Loan Document." (*Id.* ¶20.)

overdue payment or amount (unless applicable law requires a
lower amount to be charged).

(*Id.* ¶21.) The Note also provides:

If Lender has not received the full amount of any monthly payment
for 30 days or more after the Payment Date or any other Event of
Default has occurred and is continuing, then the interest rate
under this Note will increase to the Fixed Annual Interest Rate or
the Variable Annual Interest Rate, as applicable, plus 4% ("Default
Annual Interest Rate") beginning on that Payment Date or the date
any other Event of Default commences.

(*Id.* ¶22.) The Note requires that Borrower pay a Prepayment Charge, as
calculated pursuant to Schedule I of the Note, "in connection with any
Prepayment under th[e] Note, whether voluntary or involuntary or resulting
from a default by Borrower." (*Id.* ¶25.)

Additionally, the Loan Agreement requires that Borrower deposit with
Lender on each Payment Date certain funds for taxes, insurance, and specified
reserves (collectively, the "Reserve Deposits"). (*Id.* ¶19.) And, the Loan
Agreement provides that, "[u]pon an Event of Default, Lender may exercise any
or all of its rights and remedies provided under the Loan Documents and
Borrower will pay all associated costs, including Attorneys' Fees and Costs."
(*Id.* ¶23.)

<u>Borrower's Alleged Default</u>

The Complaint alleges that, beginning with the monthly Payment Date
for December 2020, Borrower has failed to pay the required Fixed Monthly
Principal Amounts and Reserve Deposits. (*Id.* ¶26.) On March 8, 2021, Lender,
through its counsel, provider to Borrower a Notice of Default, advising that:

AS OF THE DATE HEREOF, THE FIXED MONTHLY PRINCIPAL
AND INTEREST PAYMENT AMOUNTS AND RESERVE DEPOSITS
DUE ON THE PAYMENT DATES FOR DECEMBER 2020 AND
JANUARY, FEBRUARY AND MARCH 2021, TOGETHER WITH THE
RESULTING LATE CHARGES, DEFAULT INTEREST AND COSTS
(COLLECTIVELY, THE "DELINQUENT AMOUNTS"), HAVE NOT
BEEN PAID BY BORROWER AND, ACCORDINGLY, (A) AN EVENT
OF DEFAULT HAS OCCURRED AND IS CONTINUING UNDER THE

> NOTE, THE MORTGAGE, THE LOAN AGREEMENT AND THE
> OTHER LOAN DOCUMENTS, AND (B) DEMAND IS HEREBY MADE
> OF BORROWER FOR THE IMMEDIATE AND FULL PAYMENT OF
> THE DELINQUENT AMOUNTS.

(*Id.* ¶28.) The Notice of Default further advised:

> IN THE EVENT THE DELINQUENT AMOUNTS ARE NOT PAID IN
> FULL WITHIN SEVEN DAYS OF THE DATE OF THIS NOTICE, AT
> THE OPTION OF LENDER, THE INDEBTEDNESS MAY BE
> ACCELERATED AND DECLARED TO BE IMMEDIATELY DUE AND
> PAYABLE AND DEMAND MADE FOR THE IMMEDIATE AND FULL
> PAYMENT OF SAME, AND LENDER MAY EXERCISE SUCH OTHER
> AND FURTHER RIGHTS, INCLUDING BUT NOT LIMITED TO
> FORECLOSURE AND ITS OTHER REMEDIES UNDER THE LOAN
> DOCUMENTS, AS LENDER IN ITS DISCRETION MAY DEEM
> APPROPRIATE.

(*Id.* ¶29.) The Complaint alleges that, notwithstanding the Notice of Default, Borrower has failed to pay the Delinquent Amounts or otherwise cure the ongoing Event of Default. (*Id.* ¶30.)

Additionally, on May 4, 2021, Lender, through its counsel, provided a Notice of Acceleration, which advised Borrower that "AS OF THE DATE HEREOF, THE EVENT OF DEFAULT IDENTIFIED IN THE NOTICE OF DEFAULT HAS NOT BEEN CURED BY BORROWER AND IS CONTINUING." (*Id.* ¶31.) The Notice of Acceleration further stated:

> AS A RESULT OF THE OCCURRENCE AND CONTINUANCE OF
> THE EVENT OF DEFAULT DESCRIBED IN THE NOTICE OF
> DEFAULT, (A) THE INDEBTEDNESS SECURED BY THE
> MORTGAGE IS HEREBY ACCELERATED AND DECLARED TO BE
> IMMEDIATELY DUE AND PAYABLE, (B) DEMAND IS HEREBY
> MADE OF BORROWER FOR THE IMMEDIATE AND FULL
> PAYMENT OF THE INDEBTEDNESS, AND (C) INTEREST WILL
> CONTINUE TO ACCRUE AT THE DEFAULT RATE UNTIL THE
> INDEBTEDNESS IS PAID IN FULL.

(*Id.* ¶32.)

The Complaint alleges that Borrower has failed to pay the debt in full or otherwise cure the ongoing Event of Default. (*Id.* ¶33.)

### b. Procedural History

On May 24, 2021, Lender filed the Complaint against Borrower for Mortgage Foreclosure (**Count 1**) and Personal Property Foreclosure (**Count II**). (*Id.* ¶¶38-48.) The Complaint alleged that, as of May 21, 2021, the total amount due an owning under the Loan Documents was $2,257,641.78, itemized as follows:

| | |
|---|---|
| Principal Balance | $2,055,399.94 |
| Note Interest (11/1/20-5/21/21) | $56,041.62 |
| Default Interest (12/1/20-5/21/21) | $39,280.98 |
| Late Fees | $3,761.73 |
| Property Protection Advances | $3,894.00 |
| Tax Advance | $3,661.95 |
| Legal Fees | $11,494.23 |
| Special Servicing Fees | $3,790.79 |
| Prepayment Premium | $81,570.45 |
| <Less Credit for Suspense Funds> | <$1,253.92> |
| TOTAL AMOUNT DUE as of 5/21/2021 | $2,257,641.78 |

(*Id.* ¶36.) As alleged, additional Note and Default Interest, together with other fees, charges, and costs recoverable under the Loan Documents, have accrued on the Loan since May 21, 2021, and continue to accrue. (*Id.* ¶37.)

On July 9, 2021, Lender filed a motion for appointment of a receiver (DE 6.)

Because Borrower failed to answer the Complaint or otherwise respond to the matter, the Clerk entered default on July 19, 2021.

Lender now seeks default judgment of mortgage foreclosure and seeks an award of $2,257,641.78, plus additional interest of $492.73 per diem, for each day from May 21, 2021 to entry of judgment.

## II.   Discussion

### a.  Legal Standard

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

### b.  Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

Here, the Complaint was filed on May 24, 2021. (DE 1.) Borrower failed to answer or otherwise respond to the Complaint within the deadline and the Clerk's entry of default was duly noted on the docket on July 19, 2021. Therefore, the prerequisites for default have been satisfied.

### c.  Three-Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

### i.  Factor one: Existence of a meritorious defense

As always, evaluation of the first factor is made difficult by the defendant's failure to answer or to oppose the motion for default judgment. Nevertheless, my independent review of the record does not suggest that the Government's claims are legally flawed.

This Court has subject matter jurisdiction pursuant to 38 U.S.C. § 1332 because the action is between citizens of different states and the amount in controversy exceeds $75,000. (Compl. ¶¶ 1,2 36.)

Lender initiated this mortgage foreclosure action for Borrower's failure to fulfil its obligations under the Loan Agreements. (*Id.* ¶¶38-48.) Generally, in a foreclosure action, district courts apply the laws of the state where the property is located. *Bank of New York Mellon v. Walch*, No. 15-724, 2017 WL 1734031, at *3 (D.N.J. May 3, 2017) (citing *Business Loan Ctr., L.L.C. v. Nischal*, 331 F. Supp. 2d 301, 305–06 (D.N.J. 2004) (applying New Jersey law when the property was located in New Jersey)). Here, the property in question is located in Newark, New Jersey, so I will apply New Jersey law. (Compl. ¶16.)

"A mortgagee establishes a *prima facie* right to foreclosure when there is proof of execution, recording, and non-payment of the mortgage." *Bank of New York Mellon*, 2017 WL 1734031 at *3 (quoting *Wells Fargo Bank, N.A. v. Bertea*,

No. 13-7232, 2016 WL 1182707, at *3 (D.N.J. Mar. 28, 2016) (internal quotation marks omitted). Thus, for a foreclosure judgment to be granted, the plaintiff must establish "the validity of the note and mortgage; the alleged default; and [its] right to foreclose." *Id.* (quoting *Thomas v. Jersey Mortg. Co.*, No. 13-648, 2016 WL 4705449, at *6 (D.N.J. Sept. 8, 2016) (internal quotation marks omitted).

Here, the Complaint alleges that Borrower entered into a valid Mortgage and Note with the Original Lender that were subsequently assigned to Lender. (Compl. ¶¶7, 12.) The Complaint also alleges that Borrower defaulted on its obligations under the relevant Loan Agreements by failing to pay the Fixed Monthly Principal and Interest Payment Amounts and Reserve Deposits. (*Id.* ¶26.) Finally, the Complaint alleges Lender's right to foreclosure under the Loan Agreements and as provided in the Notice of Default. (*Id.* ¶¶24, 29.)

Because Lender has established a *prima facie* right to foreclosure, I find that factor one weighs in favor of default.

### ii. Factors two and three: Prejudice to Lender and Borrower's culpability

The second and third factors also weigh in favor of default. Borrower failed to appear, defend, or otherwise respond to the Complaint. It is clear that Lender has been prejudiced by this dereliction because it has been "prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion." *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant.").

Additionally, absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in default." *Teamsters Pension Fund of Philadelphia & Vicinity*, 2011 WL 4729023 at *4. In this case,

"there is nothing before the Court to show that [Borrower's] failure to file an answer was not willfully negligent." *See Id.* (citing *Prudential Ins. Co. of America v. Taylor*, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009)) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted).

Overall, then, the three factors support the entry of default judgment.

### d. Remedies

Lender seeks $2,257,641.78, plus additional interest of $492.73 per diem from May 21, 2021, to the date of this Order. That amount is itemized as follows:

| | |
|---|---|
| Principal Balance | $2,055,399.94 |
| Note Interest (11/1/20-5/21/21) | $56,041.62 |
| Default Interest (12/1/20-5/21/21) | $39,280.98 |
| Late Fees | $3,761.73 |
| Property Protection Advances | $3,894.00 |
| Tax Advance | $3,661.95 |
| Legal Fees | $11,494.23 |
| Special Servicing Fees | $3,790.79 |
| Prepayment Premium | $81,570.45 |
| <Less Credit for Suspense Funds> | <$1,253.92> |
| TOTAL AMOUNT DUE as of 5/21/2021 | $2,257,641.78 |

(Compl. ¶36.)

As alleged in the Complaint, the Loan Agreements provide for (1) fixed monthly principal and interest payments in the amount of $10,638.59; (2) a late charge of 5% of any overdue payment; (3) a default annual interest rate of 4% if Lender has not received the full amount of any monthly payment for 30 days or more, or any other Event of Default has occurred; (4) attorneys' fees

and costs; and (5) prepayment charges. (*Id.* ¶¶15-25.) The Mortgage also provides for the payment of taxes and fees upon Borrower's default. (Exhibit B to the Compl. (DE1-1 at 46).) Therefore, I find Lender is entitled to the remedies sought.

### III.    Conclusion

For the reasons set forth above, I will grant Lender's motion (DE 12). Lender is to submit a form of final judgment.

An appropriate order follows.

Dated: September 8, 2021.

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**